457 A.2d 976

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Timothy E. SECOTT.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1981.

Filed March 18, 1983.

---

William H. Platt, District Attorney, Allentown, for Commonwealth, appellant.

W. Hamlin Neely, Allentown, for appellee.

Before CAVANAUGH, McEWEN and BECK, JJ.

PER CURIAM:

We here consider an appeal brought by the Commonwealth from an Order of the Common Pleas Court of Lehigh County, sitting en banc, which granted a motion in arrest of judgment, following a finding of guilty of driving a vehicle while under the influence of alcohol.[1] We reverse.

1.  75 Pa.C.S.A. § 3731(a).

The arresting officer testified at trial that on November 24, 1979, at 6:30 in the morning, while en route to the police station to report for duty, he observed a green Plymouth automobile swerving back and forth on Route 309. The officer further testified that he observed the Plymouth for approximately two miles, that he could see the driver of the car, and that he copied down the license number. Since the policeman was not in his jurisdiction, he proceeded to his police station, obtained a patrol car, and waited on a side road which intersected with Route 309 for the Plymouth to pass. While so waiting, a motorist approached the patrol car and informed the officer that an accident had occurred on Route 309. As a result, the policeman went to the scene of the accident and observed that one of the cars involved in the accident was the same green Plymouth which he had earlier seen proceeding in an erratic manner.

The police officer testified that he recognized appellee as the person he had minutes before seen driving the green Plymouth, noticed an odor of alcohol on the appellee's breath, and observed that appellee had bloodshot eyes and was staggering. Appellee responded affirmatively when asked by the officer whether he was the operator of one of the vehicles involved in the accident. At that point the policeman read the *Miranda* [2] warnings to appellee, arrested him, required him to perform various sobriety tests and transported appellee to the police station for admission of a breathalyzer test.

Prior to trial appellee filed an application to suppress evidence and an application to quash the information. The trial judge denied both motions and, following a non-jury trial, found appellee guilty as charged. The court en banc arrested judgment based on its determination that the pretrial motion to quash the information was improperly denied. The court en banc concluded that the complaint filed

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

against appellee contained a substantive defect in that it did not state facts and circumstances from which the magistrate could independently determine probable cause and directed that appellee be discharged.

The requirement that probable cause for the issuance of process be ascertained by the issuing authority is set forth in Pennsylvania Rule of Criminal Procedure 134.[3] That rule expressly states that it is only applicable in those cases where the proceeding is initiated by a complaint. The instant proceeding was not commenced in such a fashion, but rather, was initiated by the arrest of appellee without a warrant pursuant to Pennsylvania Rule of Criminal Procedure 101(4). Thus, there was no need for the Commonwealth to comply with the requirements of Rule 134 and no basis for the discharge of appellee for such a reason.

The opinion of the court en banc addressed only the Rule 134 contention of appellee and did not rule upon the other questions presented in the motions of appellee. Thus, we remand this case so as to enable the court en banc to consider the other questions presented in those motions of appellee.

Case remanded. Jurisdiction is relinquished.

CAVANAUGH, J., concurs in the result.

**3.** That Rule provides in pertinent part:
Rule 134. Issuance of Process Pursuant to Complaint
(a) In any proceeding initiated by complaint, the issuing authority shall ascertain that:
(2) there is probable cause for the issuance of process, in the form of an affidavit;